# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT WHITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:15-cv-02066-WTL-DML |
| | ) | |
| DUSHAN ZATECKY, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Directing Additional Response Regarding Exculpatory Evidence Claim**

The petition of Robert White for a writ of habeas corpus challenges a prison disciplinary proceeding, ISR 15-07-0106, in which he was found guilty of assault/battery. For the reasons explained in this entry, a supplemental response must be provided by the respondent.

## I. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On July 29, 2015, Internal Affairs Officer Poer issued a Report of Conduct charging Mr. White with assault/battery in violation of Code A-102. Dkt. 13-1. The Report of Conduct refers to the Report of Investigation and a confidential case file, which detail an attack on offender James White that resulted in injuries requiring transportation to a hospital. *Id.*; dkt. 15 (*ex parte*).

Mr. White was notified of the charge on July 31, 2015, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). Dkt. 13-2. The Screening Officer noted that Mr. White requested a lay advocate. One was provided. Dkt. 13-5. Mr. White also wanted to call three offender witnesses, James White, Michael Smith, and Nicholas LzCruze, and requested the video as evidence. Witness offender Michael Smith stated, "Robert White was not around James White when he was assaulted[.] Robert and James were friends and got along well." Dkt. 13-3. Witness offender Nicholas LaCruze stated, "Robert White #205276 did not participate[] in the assault on James White #248220. Robert White #205276 is not a STG member. I Nicholas LaCruze #239236 made this statement and statement (remaining words marked out)." Dkt. 13-4. There is no record of the victim, James White, providing a statement.

## III. Discussion

Mr. White alleges that his due process rights were violated during the disciplinary proceeding. His claims as stated in his petition overlap but are discerned as follows: 1) the hearing officer's finding of guilt was not supported by sufficient evidence because no evidence suggested that he participated in the assault and there was exculpatory evidence consisting of the victim's statement and video (showing he was not present at the time and place of the assault); 2) he and his lawyer were not allowed to view exculpatory video evidence; 3) there was no

evidence showing that he was a gang member; and 4) the hearing officer failed to consider exculpatory evidence.

The respondent argues that Mr. White failed to exhaust all of his claims by raising them in his administrative appeals. In his appeal to the Facility Head, Mr. White stated:

> I Robert White #205276 was wrongfully found guilty for a incident that I had nothing to do with I went to check on my friend James White hours after he got beat up. I am being wrongfully charged about something that I didnt Do. MR White will also tell you I didnt touch him. Even The Officer on the facilty Sent me a paper in the mail Saying that he couldnt See who went in the room or come out of the room but I Still being Charged for something I didnt partake in.

The respondent contends that the only claim raised on appeal was a challenge to the sufficiency of the evidence. The Court finds that Mr. White's appeal also included his claim that exculpatory evidence (the victim's statement -"Mr. White will also tell you I didn't touch him" - and the video) was ignored. Dkt. 13-8. The respondent has not addressed that claim on the merits.

The video report to which Mr. White refers is docket 13-6. The hearing officer reviewed a video and reported that "[d]ue to the rotation of the camera all I saw was at 1:47 pm I saw numerous offenders headed toward room 28-2E with their backs to the camera. At 1:48 pm I saw numerous offenders exit 28-2E and walk away from the camera and it rotated and I lost them." Dkt. 13-6.

As noted, there is no record of James White, the victim, providing a witness statement or any explanation for that evidence not being permitted. "Inmates have a due process right to call witnesses at their disciplinary hearings when doing so would be consistent with institutional safety and correctional goals." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974)).  However, "prisoners do not have the right to call

witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002).

When a prisoner challenges the denial of witnesses in a prison disciplinary proceeding, it is the prison official's burden to provide a "justification"—not a conclusion—for the denial. *Ponte v. Real*, 471 U.S. 491, 499 (1985); *see Wilson v. Davis*, 102 Fed. Appx. 37, 38 (7th Cir. 2004) ("The burden is on the state to offer a rational explanation for the denial of an inmate's request for witnesses."). This justification may be "presented to the Court *in camera*," but it must be presented. *Ponte*, 471 U.S. at 499.

### IV. Further Response

The respondent shall have **through March 10, 2017,** in which to respond to the claim that the hearing officer failed to consider exculpatory evidence consisting of James White's statement and video evidence. In other words, the respondent shall have through that deadline in which to **show cause** why Mr. White's petition should not be granted and the disciplinary proceeding vacated and set for a rehearing.

**IT IS SO ORDERED.**

*William T Lawrence*

Date: 2/13/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

ROBERT WHITE
205276
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only